IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TIMOTHY EVANS**                                                                   **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 1:10cv102-LG-RHW**

**TIFFANY SMITH,** *et al.*                                                **DEFENDANTS**

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Before the Court is [35] Defendants' January 14, 2011 motion to dismiss this *pro se* prisoner's civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Defendants ask the Court to dismiss the complaint under Rule 41(b), FED.R.CIV.P., for Plaintiff's failure to comply with the orders of the Court.

The docket reflects that on October 18, 2010, Defendants served discovery requests on Plaintiff.  See docket entries [26], [27], [28] and [29].  Plaintiff failed to respond to the discovery requests, and on December 10, 2010, Defendants moved the Court to compel Plaintiff to respond to the discovery.  See docket entry [30].  By order [32] entered December 13, 2010, the Court ordered Plaintiff to serve responses to the discovery requests by January 6, 2011.  That date has long since passed, and Plaintiff has served no responses.

Defendants further point out that Plaintiff has failed to keep the Court apprised of his address, as required by several prior Court orders which explicitly warned Plaintiff that his failure to advise the Court of a change of address "will be deemed as a purposeful delay and contumacious act ... and may result in this case being dismissed..."  See, orders [3], [4], [7], [8] and [10].  The docket reflects that since filing this lawsuit on March 9, 2010, Plaintiff has twice changed his address: first on June 1, 2010 [19], and again on July 14, 2010 [21].  The docket also reflects that mail sent to Plaintiff has been returned undeliverable on three occasions:  on June 4,

2010 the copy of order [16], which was mailed to Plaintiff May 25, 2010, was returned [20]; on January 10, 2011, the copy of order [32], which was mailed to Plaintiff December 13, 2010, was returned [33]; and on January 14, 2011, Defendants filed notice of returned mail consisting of a discovery related matter mailed to Plaintiff December 1, 2010 [34].  Both of the latter items were returned marked "released."  See docket entries [33], [34-1].  As of the date of this report and recommendation, the Mississippi Department of Corrections (MDOC) website does not show Timothy Evans, # M0447, is in the MDOC system.

Rule 41(b), FED.R.CIV.P., authorizes the Court to dismiss a case for want of prosecution or failure to comply with a court order.  *Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998).

### RECOMMENDATION

Based on the foregoing, the Court finds Plaintiff has wilfully ignored the orders of this Court in failing to advise the Court of his correct address, and has failed to comply with the Court's order requiring him to respond to discovery.  The undersigned recommends that Defendants' motion be granted, and Plaintiff's complaint be dismissed with prejudice.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party who objects to this Report and Recommendation must, within fourteen (14) days after being served a copy of the Report and Recommendation file with the Clerk of this Court his written objections to the Report and Recommendation, and must serve them upon the other parties and submit them to the assigned District Judge.  Within seven (7) days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that they do not intend to respond to the objection.  An objecting party must specifically identify the findings, conclusions,

and recommendations to which he objects; the District court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 11th day of February, 2011.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE